UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAUN ROSIERE,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Case No. 2:17-cv-02468-APG-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(IFP App. – ECF No. 1; Mot. – ECF No. 4) |

This matter is before the court on Petitioner Shaun Rosiere's Application to Proceed *In Forma Pauperis* (ECF No. 1) and Motion to Issue Summons (ECF No. 4). The application and motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

I.   **IN FORMA PAUPERIS APPLICATION**

Mr. Rosiere is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). A "district court may deny leave to proceed in forma pauperis at the outset if it

appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998).

Mr. Rosiere filed a Request for Judicial Notice (ECF No. 3) in which he asserts the court is "not authorized to engage in the screening contemplated by 28 U.S.C. § 1915A(a) & (b)" because he is not a prisoner. He further argues that 28 U.S.C. § 1915 provides "no explicit authorization" for this court to "conduct a pre-answer screening for any purpose." The court disagrees. Section 1915(e) states that "the court *shall dismiss the case at any time if the court determines*" the action "(i) is *frivolous or malicious*; (ii) *fails to state a claim on which relief may be granted*; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). The Ninth Circuit has explicitly held that § 1915(e) applies to "all in forma pauperis complaints." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to § 1915(e), federal courts may screen any IFP complaint—without regard to prisoner status—before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

As explained in this order, the court finds that Rosiere's Complaint (ECF No. 1-2) is frivolous, malicious, and duplicative. The court will therefore recommend that his IFP Application be denied and this case be dismissed.

**II.     SCREENING THE COMPLAINT**

This court screens IFP complaints under § 1915(e) before issuing summons and requiring an answer or responsive pleading. If the complaint states a plausible claim for relief, the court then directs the Clerk of the Court to issue summons to the defendant and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines the complaint fails to state an actionable claim, the complaint is dismissed and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato*,

2

1  70 F.3d at 1106. Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id*.; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). A complaint lacks an arguable basis in law if controlling legal authority requires a finding that the facts alleged fail to establish a legal claim. *Guti v. U.S. Immigration & Naturalization Serv.*, 908 F.2d 495, 496 (9th Cir. 1990). The Ninth Circuit has repeatedly held that a district court may dismiss as frivolous a complaint "that merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Phillips v. Salt River Police Dept.*, 586 F. App'x 381 (9th Cir. 2014). A complaint may be characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

**A. Rosiere's Factual Allegations and Claims for Relief**

Mr. Rosiere alleges that the United States has failed to produce approximately 500 documents that are known by the government to be responsive to numerous requests under the Freedom of Information Act ("FOIA"). Rosiere seeks these responsive documents. The missing

3

documents purportedly contain information regarding several CDs used by computers on or around 2006–07; the government taking over two million dollars of U.S. currency from Rosiere on November 3–4, 2005, from 21 bank accounts; 44 boxes of items the government took from Rosiere in 2006; and $15 million in U.S. currency in Rosiere's name that is now missing.

Mr. Rosiere also alleges the government failed to return property belonging to him, including U.S. currency, trade secrets, 32 plus boxes of items that include gold, and shares of Active Trader News, Inc.  The government purportedly admitted in 2011 or 2012 the property is within its possession and control, but has actively hidden the chain of custody of the property. Rosiere seeks the chain of custody and the location of this property to be produced on the public record.  He also wants the court to order the return of the property or equivalent reimbursement.

**B. Analysis**

Mr. Rosiere has filed multiple lawsuits in seven federal district courts relating to FIOA requests arising from his two criminal convictions in the District of New Jersey, *United States v. Rosiere*, 1:08-cr-0629, 1:09-cr-0720 (D.N.J.).[1]  Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.  *See, e.g.*, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004).  The court takes judicial notice of the proceedings in Rosiere's criminal cases as well as the civil actions and appeals he has filed across the country.  Between 2015 and 2017, Rosiere filed at least ten federal lawsuits involving FOIA requests seeking documents and evidence related

---

[1] *See, e.g.*, *Rosiere v. United States*, 2:17-cv-0144-JAD-PAL (D. Nev. June 30, 2017), *report & recommendation adopted*, (D. Nev. Aug. 15, 2017) (dismissed for lack of subject matter jurisdiction and because the complaint was "clearly frivolous and malicious"), *certificate of appealability denied*, No. 17-16684 (9th Cir. Nov. 29, 2017); *Rosiere v. United States*, 3:16-cv-00341-BRM-TJB (D.N.J.) (dismissed as "frivolous, malicious, and duplicative"), *aff'd*, No. 17-3306 (3d Cir. July 24, 2018); *Rosiere v. United States*, 1:16-cv-00143-LTB (D. Colo.) (dismissed as duplicative), *aff'd*, 650 Fed. App'x 593 (10th Cir. 2016); *Rosiere v. United States*, 1:16-cv-01251-LTB (D. Colo.) (dismissed as duplicative and malicious), *aff'd*, No. 16-1313 (10th Cir. Dec. 20, 2016); *Rosiere v. United States*, 1:16-cv-00260-HG-RLP (D. Haw.) (dismissed for improper venue), *aff'd*, No. 16-16144 (9th Cir. July 3, 2017); *Rosiere v. United States*, 3:16-cv-00905-HZ (D. Or.) (dismissed for improper venue); *Rosiere v. United States*, 2:16-cv-03571-DSF-GJS (C.D. Cal.) (dismissed for improper venue and duplicative claims), *appeal dismissed*, No. 16-55821 (9th Cir. Aug. 24 , 2016) (finding the appeal was frivolous); *Rosiere v. United States*, 3:16-cv-02765-LB (N.D. Cal.) (transferred to District of Nevada for improper venue); *Rosiere v. United States*, 2:16-cv-02286-GMN-PAL (D. Nev.) (dismissed as frivolous and malicious), *appeal dismissed*, No. 17-15994 (9th Cir. April 17, 2018) (concluding the appeal was frivolous); *Rosiere v. United States*, 2:15-cv-02187-APG-GWF (D. Nev.) (dismissed as "frivolous and malicious"), *aff'd*, No. 17-15103 (9th Cir. April 18, 2017).

to his conviction, which purportedly includes property that belongs to him. All ten civil actions have been dismissed, either because they were duplicative, frivolous, or malicious, or because Rosiere filed the actions in districts that lacked venue or subject matter jurisdiction. *See, supra*, n.1. The Third, Ninth, and Tenth Circuits have affirmed the district courts, denied Rosiere certificates of appealability, and dismissed his appeals as frivolous. *Id.*

Here, the court finds that the current action is also frivolous, malicious, and duplicative as the complaint repeats claims that were previously dismissed with prejudice in his previous FOIA actions. In November 2015, Rosiere filed a complaint in this district alleging that the government failed to properly respond to his FOIA requests. *Rosiere v. United States*, 2:15-cv-02187-APG-GWF (D. Nev.). He sought the production of records involving, among other things: (1) Active Trader News, Inc., (2) funds deposited into multiple banks and an accounting of money seized from these banks; (3) an accounting of funds seized from 10 accounts at a Colorado bank to include the current location of the seized funds; and (4) $100,000 seized from Colorado corporations in connection with Rosiere's criminal cases. Rosiere contended that the records were located in New Jersey at the U.S. Attorney's Office in his criminal cases, Nos. 1:08-cr-0629 and 1:09-cr-0720. The government filed a motion to dismiss arguing that Rosiere's commencement of identical and duplicative litigation in multiple federal courts qualified the cases as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i). The Honorable District Judge Andrew P. Gordon agreed and dismissed Rosiere's complaint with prejudice since amendment was futile. Order (ECF No. 59), Jan. 3, 2017. Judge Gordon held that "Rosiere's numerous and duplicative court filings and FOIA requests indicate a subjective motivation to harass the United States, and are plainly abusive of the judicial process." *Id.* The Ninth Circuit subsequently dismissed Rosiere's appeal as frivolous. *Rosiere v. United States*, No. 17-15103 (9th Cir. April 18, 2017).

In May 2016, Rosiere filed a new complaint re-alleging that the government failed to properly respond to his FOIA requests. *Rosiere v. United States*, 2:16-cv-02286-GMN-PAL.[2] He sought the production of records involving, among other things: (1) bank accounts in the case files

---

[2] Rosiere initially filed this case in the Northern District of California, *Rosiere v. United States*, 3:16-cv-02765-LB. However, upon a determination that venue was improper in that district, the case was transferred to the District of Nevada.

of 1:08-cr-0629; (2) the file for criminal case No. 1:09-cr-00720; (3) shares of Active Trader News, Inc.; (4) all documents related to all banking activities that show Rosiere's name. These requests also stated that the records were located in New Jersey at the U.S. Attorney's Office within Rosiere's criminal case files. The government filed a motion to dismiss arguing that the complaint was duplicative and warranted dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as a malicious action. The Honorable Chief District Judge Gloria M. Navarro agreed and held that the complaint involved the same FOIA requests and was nearly identical to those Rosiere previously filed in other federal actions. Order (ECF No. 68), May 9, 2017. She therefore and dismissed the complaint with prejudice as frivolous and malicious. The Ninth Circuit subsequently dismissed Rosiere's appeal as frivolous. *Rosiere v. United States*, No. 17-15994 (9th Cir. April 17, 2018).

Notably, Rosiere's complaint contains requests for relief that the District of New Jersey addressed in 2012 and partially granted. In July 2011, Rosiere filed a petition to vacate his sentence. *Rosiere v. United States*, 1:11-cv-04404 (D.N.J.). He later filed a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of property seized during his criminal cases. The government opposed the motion but consented to return certain items in its possession that were not contraband or subject to forfeiture.[3] Order (ECF No. 20), Sept. 25, 2012. The court therefore granted to motion to the extent the government consented to returning specific items. The Third Circuit summarily affirmed the ruling on the motion for return of property, finding that no substantial question was presented on appeal. *Rosiere v. United States*, No. 12-3858 (3d Cir. Mar. 7, 2013).

Rosiere's complaint in this action brings nearly the same allegations and claims against the same respondent as the multiple complaints he has filed in earlier cases. All of those actions were dismissed. The two cases noted in this district were dismissed with prejudice as frivolous and malicious. It is clear from a review of the complaint that the current action seeks the same or nearly the same information and relief. Moreover, the District of New Jersey and the Third Circuit have directly addressed return of property allegedly seized in connection with Rosiere's criminal

---

[3] These items included multiple CD-ROMs, floppy disks, Visa gift cards, one container holding 21 CD-ROMs, and one box of checks. Order (ECF No. 20), Sept. 25, 2012.

cases. The court finds that the current action is duplicative, frivolous, and malicious; therefore, federal law and Ninth Circuit precedent mandate dismissal. 28 U.S.C. §§ 1915(e)(2); *Cato*, 70 F.3d at 1105 n.2.

Rosiere would ordinarily be given leave to amend a deficient complaint after initial screening; however, it is clear from the face of his complaint and his history of litigation that amendment would be futile and he will continue to abuse the judicial system if given leave to amend. Accordingly, the court will recommend that the complaint be dismissed and the Clerk of the Court be instructed to close the case. Because the court has now screened the complaint and recommends dismissal, Rosiere's pending motion is denied as moot.

Based on the foregoing,

**IT IS ORDERED:**

1. Petitioner Shaun Rosiere's Motion to Issue Summons (ECF No. 4) is **DENIED**.
2. The Clerk of the Court is instructed to FILE the Complaint (ECF No. 1-2).

**IT IS RECOMMENDED** that:

1. Petitioner Shaun Rosiere's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.
2. Petitioner Shaun Rosiere's Complaint be **DISMISSED.**
3. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 10th day of September, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE